**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Thomas Allen WARNER, Sr.,**
**a/k/a Thomas A. Warner,**
**Defendant—Appellant.**

No. 05-50512.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

---

Michael J. Raphael, Esquire, Assistant U.S., Nancy B. Spiegel, Esquire, Cynthia Valenzuela, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth Newman, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Thomas Allen Warner, Sr. appeals from the ten-month sentence imposed following his guilty-plea conviction for mail fraud and false statements, in violation of 18 U.S.C. §§ 2(b), 1001, and 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

■ Warner contends that the district court erred by not applying a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). We conclude that the district court did not err because Warner's statements during his plea and sentencing colloquies, as well as the timing of his admissions, were inconsistent with acceptance of responsibility. *See United States v. Scrivener*, 189 F.3d 944, 948–49 (9th Cir.1999); *see also* U.S.S.G. § 3E1.1, cmt. n. 1(h) (2002).

Warner also contends that his sentence is unreasonable because the district court ignored his history and characteristics when fashioning the sentence. We conclude that there was no procedural error and that Warner's sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 995–96 (9th Cir.2008) (en banc).

■ Finally, Warner contends that a special condition of supervised release prohibiting him from filing any claim for a refund of taxes after filing initial returns

should be vacated because it is not reasonably related to his offense, and it is it not narrowly tailored to be the least restrictive as possible. We conclude that this condition as written is not reasonably related to the sentencing factors listed in 18 U.S.C. § 3553(a). *See United States v. Betts*, 511 F.3d 872, 876–81 (9th Cir.2007).

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

